Jack J. GRYNBERG, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX), Plaintiffs,

v.

BP P.L.C., Statoilhydro ASA, BG Group P.L.C., BG North America, John Browne, Anthony Hayward, Peter Sutherland, Helge Lund, Eivind Reiten, Robert Wilson, and Frank Chapman, individuals, Defendants.

Civ. A. No. 1:08–CV–00301–(JDB).

United States District Court, District of Columbia.

July 31, 2009.

Layne E. Kruse, Anne M. Rodgers, Robert A. Burgoyne, Jonathan S. Franklin, Fulbright & Jaworski L.L.P., Houston, TX, for Defendant BG Group PLC.

Kelly Pride Hebron, Pride Law Office, PC, Largo, MD, Daniel L. Abrams, Daniel L. Abrams, PLLC, New York, NY, for Plaintiffs Jack J. Grynberg, Grynberg Production Corporation (TX), Grynberg Production Corporation (CO), and Pricaspian Development Corporation (TX).

## ORDER

JOHN D. BATES, District Judge.

Before the Court is plaintiffs' motion seeking emergency equitable relief. To understand precisely the kind of relief plaintiffs seek requires an understanding of the basic facts giving rise to their motion. Plaintiffs originally brought suit in this Court alleging that BG Group, along with other defendants, had violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and various state laws. The dispute arises

out of the parties' dealings in the Kazakhstan oil fields. Plaintiffs had partnered with several oil companies, including BG Group, and the deal went sour. The parties entered into a broad settlement agreement, which required them to submit all claims arising out of the deal to arbitration. For most of the oil companies, the arbitration is governed by New York law. Those oil companies—which were defendants in this case—filed motions to compel arbitration, which the Court granted on November 12, 2008, 585 F.Supp.2d 50 (D.D.C.2008). For various reasons, BG Group's motion to compel was handled separately. Although BG Group's settlement agreement is largely the same as the other defendants' settlement agreements, the choice of law provision for BG Group is different: the arbitration is governed by Alberta, Canada law.

The Court granted BG Group's motion to dismiss and compel arbitration on February 9, 2009. *See* 596 F.Supp.2d 74 (D.D.C.2009). Plaintiffs had argued that BG Group's case compelled a different result than the other defendants because of a footnote from the Supreme Court's opinion in *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 637 n. 19, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), which states that the Court "would have little hesitation in condemning" a choice of law clause that operated as a prospective waiver of a party's statutory remedies. Plaintiffs contended that their RICO claim could not be vindicated in an arbitration governed by Canadian law, so the *Mitsubishi Motors* footnote required denial of BG Group's motion. The Court rejected plaintiffs' argument, pointing out that most courts have treated the *Mitsubishi Motors* footnote as dictum, and have instead examined whether the alleged misdeeds can be vindicated under the law of the chosen forum. *See* 596 F.Supp.2d at 78–79. The Court also pointed out that although plaintiffs could not pursue a RICO claim in

Canada, Canadian law recognized the same kinds of conspiracy, fraud, bribery, and theft elements that comprised plaintiffs' RICO claim. *Id.* at 79–80. Plaintiffs filed their appeal on March 2, 2009, which is currently pending.

The Alberta court overseeing the arbitration between plaintiffs and BG Group issued a decision holding plaintiffs in contempt on July 24, 2009. *See* Pls.' Mem., Ex. 1. The court noted that it had previously held plaintiffs in contempt for violating a prior injunction barring them from prosecuting this action in this Court. *See id.* ¶¶ 11–12. The court observed that despite that injunction, plaintiffs had not only appealed this Court's February 9 opinion, but had also commenced a related action in Texas and threatened yet another action in Massachusetts. *Id.* ¶¶ 16–19. The court directed plaintiffs to abandon all non-arbitral actions by not later than July 31, 2009, *id.* ¶¶ 30–31, and explained that failure to do so would constitute further contempt and would result in a $1 million fine plus $10,000 per day, *id.* ¶ 31. Since the court's contempt order, plaintiffs have obtained a stay pending appeal to the Alberta Court of Appeals. *See* Craig Affidavit ¶ 18 (attached as BG Opp'n, Ex. 1).

 Plaintiffs' present motion seeks an order barring BG Group from enforcing the Alberta court's contempt order. It will be denied for three reasons. To begin with, the Court is not persuaded that it has authority to issue an affirmative injunction to preserve the appellate jurisdiction of the D.C. Circuit. Plaintiffs style this action as a "stay pending appeal," but there is nothing to stay—no order of this Court is challenged. Rather, this is, as BG Group points out, a request for an anti-suit injunction. Plaintiffs cite to *Laker Airways Ltd. v. Sabena*, 731 F.2d 909, 927 (D.C.Cir.1984), but that case was procedurally very different than the present

case. There, the district court granted an anti-suit injunction to protect its own jurisdiction while the case was still pending before the district court, and where the action in district court was filed long before the foreign action. Here, all proceedings before this Court have long been completed—only the D.C. Circuit has jurisdiction to award affirmative relief to protect its own jurisdiction.[1] Moreover, the Canadian arbitration proceeding predates this action by years.

Even if this Court could act to preserve the D.C. Circuit's appellate jurisdiction, it cannot fashion relief to achieve the result plaintiffs request. Plaintiffs ask the Court to enjoin BG Group from enforcing the contempt order in Canada. But a close reading of the contempt order reveals that it is self-enforcing. The Alberta court provided that plaintiffs' failure to drop this appeal "will, *without further application*, be considered to be further contempt of this court and will result in a fine of $1 million payable forthwith together with a fine of $10,000.00 per day for every day that the contempt carries on." Pls.' Mem., Ex. 1 ¶ 31 (emphasis added). Enjoining BG will not achieve the result plaintiffs seek—the damage is done. And plaintiffs do not suggest that this Court can somehow enjoin the Alberta court itself.

■ Finally, plaintiffs have not made a sufficient showing to justify equitable relief. Whatever it is that plaintiffs seek—an injunction or a stay pending appeal—such equitable relief is "an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, —— U.S. ——, 128 S.Ct. 2207, 2219, 171 L.Ed.2d 1 (2008). It is "granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v. Norton*, 391 F.3d 251, 258 (D.C.Cir.2004). Even if

this were a stay pending appeal, as urged by plaintiffs, they would not meet the demanding standard for that relief. To prevail on a motion for a stay pending appeal, a party must show: (1) a likelihood of prevailing on the merits of its appeal; (2) that it will suffer irreparable injury absent the stay; (3) that the non-moving party will not be harmed by the issuance of a stay; and (4) that the public interest will be served by a stay. *United States v. Philip Morris, Inc.*, 314 F.3d 612, 617 (D.C.Cir.2003) (citing *Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C.Cir.1977)). The first two factors—likelihood of success and irreparable injury—have always been the cornerstones of equitable relief. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C.Cir.2006).

Plaintiffs have not made a persuasive showing on either of these cornerstone factors. On appeal, they rely on the *Mitsubishi Motors* footnote, which has been set aside by most courts as non-binding dictum. *See* 596 F.Supp.2d at 78 n. 2 (collecting cases). Plaintiffs argue that this Court's acknowledgment of the *Mitsubishi Motors* argument indicates that they have a "colorable argument" on appeal. *See* Pls.' Mem. at 5. But a "colorable argument" does not mean that plaintiffs have a strong likelihood of prevailing on the merits. Furthermore, plaintiffs have not shown that they will suffer *irreparable* injury. They contend that they will incur substantial monetary penalties should they continue to pursue their appeal. This is not enough. First of all, monetary injury only constitutes irreparable harm when the loss threatens the existence of a movant's business. *See Wisconsin Gas Co. v.*

---

1. Indeed, it may be that this Court has no jurisdiction—in light of plaintiff's appeal—to entertain a request for additional injunctive relief that is distinct from the original claims in this action and not fairly characterized as a request for a stay pending appeal.

*FERC,* 758 F.2d 669, 674 (D.C.Cir.1985). Plaintiffs do not contend their business is threatened by the potential penalties. Moreover, given the stay of the Alberta court's contempt order pending plaintiffs' appeal in Canada, it is unclear that plaintiffs will be forced to abandon their D.C. Circuit appeal after all. Briefing before the D.C. Circuit is nearly complete whereas the litigation before the Alberta Court of Appeals has only begun. The stay issued by that court effectively removes any immediate threat of penalties that prompted plaintiffs' motion in the first place. At the very least, then, the threat of immediate injury—as required for the requested emergency relief—has abated.

In sum, plaintiffs have pointed to no authority that would allow this Court to protect the D.C. Circuit's appellate jurisdiction, they have not explained how the relief they seek against BG Group could achieve the result they desire, and they have not made a persuasive showing that equitable relief is warranted even if the Court could do what they ask. Accordingly, plaintiffs' motion is hereby **DENIED.**

**SO ORDERED.**