09-2857-cv
Pricaspian Development Corporation (TEXAS) v. Royal Dutch Shell, PLC

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OF AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand ten.

PRESENT:    AMALYA L. KEARSE,
            PETER W. HALL,              *Circuit Judges*,
            JED S. RAKOFF,[1]           *District Judge*.

_____

Pricaspian Development Corporation (TEXAS),
                              *Plaintiff-Appellant*,

              v.                                    No. 09-2857-cv

Royal Dutch Shell, PLC,
                              *Defendant-Appellee,*
_____

Appearing for Appellant:        DANIEL L. ABRAMS, New York, New York.

Appearing for Appellees:        GRAHAM KERIN BLAIR, (David A. Brakebill, Andrew C.
                                Biberstein, Baker & McKenzie LLP, Houston, Texas;
                                Michael A. Pollard, Baker & McKenzie LLP, Chicago,
                                Illinois, *on the brief*), Baker & McKenzie LLP, Houston,
                                Texas.

---

[1] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).  **UPON DUE CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Pricaspian Development Corporation (TEXAS) ("Pricaspian") appeals the district court's dismissal of its declaratory judgment action against Royal Dutch Shell ("RDS").  Pricaspian's action, dismissed on *res judicata* grounds, asserted claims against RDS of anticipated unjust enrichment.  We assume the parties' familiarity with the relevant facts and procedural history.

"We review *de novo* the district court's application of the principles of *res judicata.*" *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 400 F.3d 139, 141 (2d Cir. 2005).  In considering the district court's grant of RDS's motion to dismiss, we "accept[] as true all facts alleged in the complaint 'and draw[] all inferences in the plaintiff's favor.'"  *Yung v. Lee,* 432 F.3d 142, 146 (2d Cir. 2005) (quoting *Rombach v. Chang,* 355 F.3d 164, 169 (2d Cir. 2004)).

Pricaspian filed its complaint against RDS in the Southern District of New York.  Federal jurisdiction in the case is based on diversity of citizenship.  "In diversity cases, 'state statutes of limitations govern the timeliness of state law claims', and state law 'determines the related questions of what events serve to commence an action and to toll the statute of limitations.'" *Diffley v. Allied-Signal, Inc.,* 921 F.2d 421, 423 (2d Cir. 1990) (quoting *Personis v. Oiler,* 889 F.2d 424, 426 (2d Cir. 1989)).  New York employs a borrowing statute, N.Y. C.P.L.R. § 202, which "requires that a court, when presented with a cause of action accruing outside New York, . . . apply the limitation period of the foreign jurisdiction if it bars the claim." *Ins. Co. of N. Am. v. ABB Power Generation, Inc.,* 91 N.Y.2d 180, 187 (1997).  The district court, determining Colorado to be Pricaspian's principal place of business, as well as the location where it allegedly

2

sustained economic harm, found that Pricaspian's causes of action accrued in Colorado. *See Global Fin. Corp. v. Triarc Corp.,* 93 N.Y.2d 525, 529 (1999) ("When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss."). The district court concluded that because the United States District Court for the District of Colorado had already found the same claims time-barred in a 2006 judgment, affirmed by the Tenth Circuit (the "Colorado Decision"), Pricaspian's causes of action were untimely in Colorado. [2] Applying New York's borrowing statute and finding that the remaining elements of claim preclusion were satisfied, the district court held that Pricaspian's claims were also untimely in New York.

Pricaspian asserts that in applying the borrowing statute, the district court should have applied New York law and not Colorado law to determine the timeliness of its causes of action in Colorado. The argument is without support in New York or Second Circuit jurisprudence interpreting New York's borrowing statute. *See Smith Barney, Harris Upham & Co. v. Luckie,* 85 N.Y.2d 193, 207 (1995) (*Smith Barney abrogated on other grounds by Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52 (1995)) ("In borrowing the foreign statute, '[a]ll the extensions and tolls applied in the foreign state must be imported with the foreign statutory

---

[2] RDS was incorporated in 2002. The defendants in the Colorado Decision were Shell Exploration B.V. and Shell International Exploration and Production B.V., f/k/a Shell International Petroleum Maatschappij B.V. (the "Shell Subsidiaries"). Plaintiff asserted in its Colorado complaint that two additional defendants that were dismissed from the suit for lack of personal jurisdiction, Royal Dutch Petroleum Company and Shell Transport and Trading Company plc (the "Shell Parent Entities"), "jointly controll[ed] approximately 1370 subsidiaries" globally, including the Shell Subsidiaries. In a declaration submitted to the District Court for the Southern District of New York in opposition to RDS' motion to dismiss, Pricaspian asserted that "RDS [is] the ultimate parent company of Shell, replacing Royal Dutch Petroleum and Shell Transport & Trading." We consider it undisputed that the Shell Parent Entities are RDS' predecessors in interest.

3

period, so that the *entire* foreign statute of limitations . . . applie[s], and not merely its period.'" (alteration and omission in original) (quoting McLaughlin, Practice Commentaries, McKinney's Cons. Laws of New York, Book 7B, CPLR C202:3, at 109)); *accord Stuart v. Am. Cyanamid Co.,* 158 F.3d 622, 627 (2d Cir. 1998) ("[A]n action by a nonresident on a foreign cause of action is untimely if it is barred under the law of either New York or the state where the injury occurred."); *see also Cantor Fitzgerald Inc. v. Lutnick,* 313 F.3d 704, 710 (2d Cir. 2002) (relying upon either "California or Nevada law to determine when the three-year statute of limitations began to run" and concluding that "[b]ecause . . . California and Nevada have the same rules for determining when the statute of limitations commences, we need not decide which state's rule applies"). Accordingly, the district court did not err in concluding that Pricaspian's claim, if untimely under Colorado law, was also untimely in New York.

Pricaspian asserts in the alternative that under New York law governing claims for unjust enrichment its causes of action have not yet 'accrued,' and therefore the borrowing statute should not have been applied in the first instance. *See* N.Y. C.P.L.R. § 202 ("An action based upon a cause of action *accruing* without [New York] cannot be commenced after the expiration of the time limited by the laws of either [New York] or the place without [New York] where the cause of action accrued . . . ." (emphasis added)). Pricaspian alleges that on July 17, 1990 its undisputed predecessor in interest, Jack Grynberg, provided RDS representatives with secret information relating to oil and gas fields in Kazakhstan in exchange for the "right to later share in the profits of oil and natural gas production in accordance with any subsequent agreement to do so made with the government of Kazakhstan." Compl. at ¶ 11. Pricaspian alleges that on October 31, 2008, Shell, using Grynberg's information, signed an agreement with the

4

government of Kazakhstan for the development of an oil field in Kazakhstan and the agreement purports to cut Pricaspian out of the deal. Because the oil field has not yet produced any net profits, Pricaspian maintains that its cause of action for unjust enrichment has yet to accrue.

Pricaspian argues that under *Golden Pacific Bancorp v. FDIC,* 273 F.3d 509 (2d Cir. 2001), an unjust enrichment claim does not accrue in New York until "a defendant is paid money which equity and good conscience requires be returned to the plaintiff." Pet. Br. at 15-16. Pricaspians' interpretation of New York's unjust enrichment law is in error. In *Golden Pacific* we restated well-settled law in New York that a cause of action for unjust enrichment accrues "'upon the occurrence of the wrongful act giving rise to a duty of restitution.'" *Golden Pac. Bancorp,* 273 F.3d at 520 (quoting *Congregation Yetev Lev D'Satmar, Inc. v. 26 Adar N.B. Corp.*, 596 N.Y.S.2d 435, 437 (App. Div. 2d Dep't 1993)); *see also Sitkowski v. Petzing*, 572 N.Y.S.2d 930, 932 (App. Div. 2d Dep't 1991). Here, it is alleged that the *wrongful act* that eventually gave rise to a duty of restitution occurred on June 9, 1993, when, after going behind Grynberg's back, RDS entered into the 'Preliminary Consortium Agreement' directly with the government of Kazakhstan, without the participation of Grynberg, calling for RDS to make payments to the government of Kazakhstan and undertake geological studies in exchange for exploration and production rights. That the value of the restitution owed would not be known until profits began flowing from the Kazak oil fields does not change the date of the wrongful act that gave rise to the underlying duty of restitution.

Pricaspian further asserts that because RDS used Pricaspian's confidential information in 2008 to sign an agreement with the government of Kazakhstan, subsequent to the Colorado Decision, that "it was illogical for the [district] [c]ourt to conclude that Pricaspian could not

5

maintain a lawsuit based on wrongs committed by RDS *after* the Colorado Decision."

Pricaspian, however, misses the point that although its instant claim to unjust enrichment is indeed based upon a subsequent transaction, it arises from RDS' alleged use of the *same* confidential information that was the basis for the claims asserted in the Colorado Decision. Pricaspian's new claim is not based upon post-2003 facts in any meaningful way. *See Waldman v. Village of Kiryas Joel,* 207 F.3d 105, 113 (2d Cir. 2000) (holding that *res judicata* will apply when the new facts are "nothing more than additional instances of what was previously asserted . . . [and the plaintiff] based his [second] action principally upon the common nucleus of operative facts shared with [the previous action]"). Because Pricaspian's claims asserted in this case rely upon the same nucleus of operative facts as those claims brought in Colorado, there is an identity of claims necessary to satisfy the requirements of *res judiciata,* and these claims were properly dismissed.

Pricaspian finally asserts that the district court erred in finding an identity of parties between the defendants in the Colorado Decision and those in the instant suit. *Res judicata* will apply when "the parties [are] the same as those in the first action or persons in privity with them." *Cruz v. Benine,* 984 P.2d 1173, 1176 (Colo. 1999). "[A]bsent a legally distinct basis for recovery against [a] corporate parent, final judgment against [a] wholly owned subsidiary [will] result[] in claim preclusion." *Strekal v. Espe,* 114 P.3d 67, 70 (Colo. Ct. App. 2004), *cert. denied,* No. 05-SC36 2005 Colo. LEXIS 593 (June 27, 2005) (citing *Mars Inc. v. Nippon Conlux* 58 F.3d 616, 619 (Fed. Cir. 1995)). Before the district court, as well as on appeal, Pricaspian has not demonstrated that there is any basis for recovery against the Shell Subsidiaries subject to suit in Colorado that is legally distinct from the bases asserted against their Shell Parent Entities --

6

now RDS -- defending the instant action in New York. Indeed, as the district court noted, Pricaspian's Colorado complaint "asserted [claims] generally against 'Shell,' an amalgamation of the . . . named defendants. The factual basis for the complaint did not differentiate the alleged wrongdoing by defendant, but simply claimed that 'Shell' cut Grynberg out of the . . . deal." The district court did not err in finding that there was an identity of parties necessary for application of the *res judicata* doctrine.

## CONCLUSION

Finding the remainder of appellant's arguments without merit, and for the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7