09-5040-cv
Pricaspian v. Total

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of October, two thousand and ten.

Present:     AMALYA L. KEARSE,
            ROSEMARY S. POOLER,
            PETER W. HALL
                  *Circuit Judges*.

_____

PRICASPIAN DEVELOPMENT CORPORATION,

                        *Plaintiff-Appellant*,

            -v-                                    09-5040-cv

TOTAL S.A.,

                        *Defendant-Appellee*.

_____

Appearing for Appellant:     Daniel L. Abrams, Law Office of Daniel L. Abrams, PLLC, New York, New York.

Appearing for Appellee:     Jennifer Lee Price and John P. Bowman,  King & Spalding, LLP, Houston, Texas.

1

Appeal from the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Pricaspian Development Corp. appeals from the November 25, 2009 memorandum and order of the United States District Court for the Southern District of New York (Pauley, *J.*) granting defendant's motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). The district court ruled that the complaint is barred by principles of res judicata, a prior judgment having dismissed similar claims on the ground that they are barred by the statute of limitations. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Pricaspian is the successor-in-interest to certain rights allegedly held by Jack Grynberg in the development of an oil field under the Caspian Sea in northwestern Kazakhstan. Both Pricaspian and Grynberg have attempted - thus far in vain - to persuade a variety of federal courts that they are entitled to a share of the profits related to the development of the oil field. *See Grynberg Prod. Corp. v. Eni S.p.A.*, No. 06 Civ. 6495, 2009 WL 2482181 (S.D.N.Y. Aug.13, 2009); *Grynberg v. BP P.L.C.*, 643 F.Supp.2d 1 (D. D.C.2009); *Pricaspian Dev. Corp. (Texas) v. Royal Dutch Shell, P.L.L.C.* No. 08 Civ. 9726, 2009 WL 1564110 (S.D.N.Y. June 3, 2009), aff'd 2010 WL 2588193 (2d Cir. June 29, 2010); *Grynberg v. BP, P.L.C.*, No. 08 Civ. 6494, 2008 WL 4450277 (S.D.N.Y. Oct.1, 2008); *Grynberg v. Total Compagnie Francaise des Petroles*, No. 03 Civ. 1280 (WYD)(BNB), 2006 WL 1517731 (D. Colo. May 31, 2006), aff'd sub nom. *Grynberg v. Total S.A.*, 538 F.3d 1336 (10th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 1585 (2009); *Grynberg v. Shell Exploration B.V.*, 433 F.Supp.2d 1229 (D. Colo. 2006), aff'd sub nom. *Grynberg v. Total  S.A.*, 538 F.3d 1336 (10th Cir. 2008), cert. denied, --- U.S. ----, 129 S.Ct. 1585 (2009); *Grynberg v. BP Exploration*, No. 04 Civ. 1622, 2004 WL 1962079 (S.D.N.Y. Sept.2, 2004).

Pricaspian is a Texas corporation with its principal place of business in Colorado. Defendant Total  S.A. is a French corporation that does business in New York through at least two wholly owned affiliates. The complaint alleges that Grynberg, through the development of close personal relationships with Russian officials, was permitted to analyze a "highly sensitive, very valuable, confidential seismic data set" pertaining to the Caspian Sea. Grynberg was able to deduce from the data that large hydrocarbon deposits existed below the Caspian Sea. The complaint alleges that Total obtained valuable information regarding the hydrocarbon deposits from Grynberg in exchange for promising Grynberg a share in the net profits flowing from any agreement Total was able to reach with the government of Kazakhstan for the production of oil and natural gas.

On or about October 31, 2008, a consortium of Western oil companies, including Total signed an agreement to develop the hydrocarbon resources in question  (the "October Agreement"). Total's share of the consortium is 16.81 percent.

2

Pricaspian filed suit in the Southern District of New York on November 12, 2008. The complaint sought a declaratory judgment for "expected unjust enrichment flowing from profits" that are expected in approximately 2014, when commercial oil production is expected to reach a profitable level.

Pricaspian first argues that New York's borrowing statute does not apply because its claim for unjust enrichment does not accrue until Total actually turns a net profit sometime in 2014-2015, thus its claim cannot be time barred. Pricaspian's argument fails because under New York law, a cause of action for unjust enrichment accrues "upon the occurrence of the wrongful act giving rise to a duty of restitution." *Golden Pacific Bancorp v. Fed. Deposit Ins. Corp.*, 273 F.3d 509, 520 (2d Cir. 2001) (internal citation marks omitted). Pricaspian is conflating the damages for unjust enrichment with the wrongful act. Even assuming arguendo that Total has yet to pay itself any money, the "wrongful act" giving rise to the claim for unjust enrichment here was the misappropriation of Grynberg's confidential information, not the payment of money for the use of that information.

Pricaspian next argues that the district court erred in applying Colorado's accrual provisions for an unjust enrichment claim in its analysis of New York's borrowing statute, N.Y. C.P.L.R. § 202. Again, this is incorrect. The New York Court of Appeals holds that "[i]n borrowing the foreign statute, all the extensions and tolls applied in the foreign statute must be imported with the foreign statutory period, so that the *entire* foreign statute of limitations applies, and not merely its period." *Smith Barney, Harris Upham & Co. v. Luckie*, 85 N.Y.2d 193, 207 (1995) (internal citation omitted), *abrogated on other grounds by Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52 (1995). Here, the parties do not dispute that Pricaspian is properly considered resident in Colorado, and that Colorado is the place where it sustained its alleged injury.

The district court conducted a proper res judicata analysis and correctly determined that because similar claims raised in the District of Colorado were dismissed as untimely, and that dismissal was affirmed by the Tenth Circuit in *Grynberg v. Total S.A.*, 538 F.3d 1336 (10th Cir. 2008), Pricaspian's claims were also time-barred in New York due to the operation of the borrowing statute.

We have examined the remainder of Pricaspian's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3