11-4195-cv
Becnel v. Deutsche Bank

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

_____

THOMAS R. BECNEL, JARDINE VENTURES, LLC,
*Plaintiffs-Appellants*,

v.                                                                  No. 11-4195-cv

DEUTSCHE BANK, AG, DEUTSCHE BANK SECURITIES, INC.,
*Defendants-Appellees.*

_____

FOR APPELLANT:          BRIAN G. ISAACSON, Isaacson & Wilson, P.S., Seattle, Washington.


FOR APPELLEE:          KEITH BLACKMAN (Joshua C. Klein, Allan N. Taffet, *on the brief*), Duval & Stachenfeld LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiffs-appellants Thomas Becnel and Jardine Ventures, LLC ("Jardine") brought a diversity suit against defendants-appellees Deutsche Bank, AG, and Deutsche Bank Securities, Inc. (collectively, "Deutsche Bank") alleging fraud, breach of contract, breach of fiduciary duty, and various related claims in connection with a tax shelter Becnel purchased. The district court dismissed the suit as barred by the statute of limitations applicable under New York's borrowing statute, N.Y. C.P.L.R. 202. Plaintiffs appeal, arguing that, under the doctrine of cross-jurisdictional tolling, their claims were timely when filed. Plaintiffs further argue that this court should certify the question whether to recognize cross-jurisdictional tolling to the state courts of New York, Arkansas, Florida, and Delaware. We assume the parties' familiarity with the facts and prior proceedings, which we reference only as necessary to explain our decision.

We review a district court's decision dismissing a complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) de novo and accept as true all facts alleged in the complaint. Stevelman v. Alias Research Inc., 174 F.3d 79, 83 (2d Cir. 1999).

The district court, sitting in diversity, applied New York law to determine whether appellants' claims were timely. Under New York's borrowing statute, a claim by a nonresident of New York is timely only if it is filed within the statute of limitations period

2

of both New York and the state where the cause of action accrued. See N.Y. C.P.L.R. 202 (McKinney's 2011). For purposes of actions that allege only economic injury, the cause of action accrues in the state where the plaintiff resides. See Muto v. CBS Corp., 668 F.3d 53, 60 (2d Cir. 2012), quoting Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 529 (1999). Appellants argued to the district court that they were residents of Florida. Despite having pled in his complaint that he was a Florida resident, Becnel argues for the first time on appeal that he was a resident of Arkansas. Jardine argues for the first time in its reply brief before this court that, because it is incorporated under the law of Delaware, it is a resident of Delaware and therefore that Delaware's statute of limitations applies.

Because Becnel pled in his complaint that he was a resident of Florida and did not argue in the district court that he was a resident of Arkansas, we deem that argument waived. Nor did Jardine argue to the district court – indeed, it did not even argue in its opening brief in this Court – that it was a resident of Delaware.[1] We therefore deem this argument waived as well. Appellants' suit is therefore barred if it would have been untimely under either New York's or Florida's statute of limitations. We conclude that appellants' claims are barred under Florida's statute of limitations. Accordingly, we do not need to reach the question of how New York, Arkansas, or Delaware would apply cross-jurisdictional tolling, if at all.

Florida's statute of limitations is four years for fraud and fiduciary duty claims and five years for contract claims. See Fla. Stat. §§ 95.11(3)(j), 95.11(3)(p), 95.11(2)(b) (2012).

---

[1] While the complaint identified Jardine as a corporation "organized under the laws of the State of Delaware," Jardine did not argue that this fact would require consideration of Delaware's statute of limitations.

3

The statute of limitations for fraud-based claims begins when the facts giving rise to it were discovered or should have been discovered with the exercise of due diligence. Fla. Stat. § 95.031(2)(a) (2012). For both contract and fiduciary duty claims, the time for filing suit runs from the date of accrual of the claim. Fla. Stat. § 95.031(1) (2012). Florida does not allow tolling during the pendency of class action lawsuits no matter where they are filed. See Fla. Stat. § 95.051(2) (2012) ("A disability or other reason does not toll the running of any statute of limitations except those specified in this section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law.").[2]

Appellants' accounts with Deutsche Bank were closed on or about May 15, 2000. The instant suit was filed on March 9, 2011. As a result, appellants' contract and fiduciary duty claims are time-barred. As for the fraud-based claims, which are governed by a discovery rule, appellants' claim was timely only if they did not have constructive notice of the facts giving rise to the claim before March 9, 2007. Becnel was the lead plaintiff in a class-action lawsuit alleging fraud-based claims related to his transactions with, among others, Deutsche Bank; the complaint was filed in that case on January 28, 2005. He therefore had actual notice of the facts that give rise to his claim in the current suit. As Becnel is the sole owner and officer of Jardine, it too had actual notice.

---

[2] Appellant has asked us to certify the question of whether Florida would recognize cross-jurisdictional tolling to the Florida Supreme Court. We decline to do so. The Florida statute seems quite clear. But more importantly, any request to the Florida courts to accept certification would almost certainly be rejected. It is at least possible that the statute of limitations began running around May of 2000. If it did, the current suit would be barred even if Florida applied cross-jurisdictional tolling. Accordingly, the applicability of such tolling is not currently determinative. See Fla. Stat. § 25.031 (permitting certification of questions "which are determinative"). Under these circumstances, certification is inappropriate.

Finally, appellants argue that the district court erred by denying their motion to amend their complaint to allege that Becnel did not learn of his claim against Deutsche Bank until 2010. The district court did not err in concluding that such an amendment would be futile because appellants' claims would be time-barred even if such an amendment were allowed.

For the foregoing reasons, the judgment of the district court is AFFIRMED.[3]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] We are mindful of the fact that our judgments are not authoritative with respect to state law. This is particularly true for the law of a state like Florida, which the courts of our circuit rarely have occasion to interpret. In light of these facts, as well as the possibility that future decisions by Florida state courts could unsettle what we think is clear statutory authority, we decide this case by summary order, recognizing that future panels retain the freedom to certify questions regarding cross-jurisdictional tolling to the Florida Supreme Court should they deem it necessary.