12-4259-cv
Adams v. Deutsche Bank AG

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                       *Circuit Judges.*

_____

SCOTT ADAMS, BLACKWOOD VENTURES, LLC,
WILLIAM G. NESBITT, MURCHISON VENTURES, LLC,
STEVEN J. UMBERGER, QUEETS VENTURES, LLC,

                                 *Plaintiffs-Appellants*,

          -v-                                              12-4259-cv

DEUTSCHE BANK AG, DEUTSCHE BANK SECURITIES INC.,

                                 *Defendants-Appellees*.[*]

_____

Appearing for Appellants:     Brian G. Isaacson, Isaacson Law Firm, P.L.L.C., Seattle, WA

Appearing for Appellees:      Keith Blackman (Joshua C. Klein, Allan N. Taffet, *on the brief*),
                              Duval & Stachenfeld LLP, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sullivan, *J.*).

---

[*]The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Scott Adams, Blackwood Ventures, LLC, William G. Nesbitt, Murchison Ventures, LLC, Steven J. Umberger, and Queets Ventures, LLC (together, the "Adams Plaintiffs") appeal from the September 24, 2012 judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*) dismissing their second amended complaint in its entirety. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court, sitting in diversity, looked to New York law to determine if plaintiffs' claims were time barred. New York's borrowing statute provides that:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202. Thus, "when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998). Where, as here, a claim alleges only economic injury, the claim accrues in the state where the plaintiff resides. *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999).

For the first time on appeal, the Adams Plaintiffs argue that Blackwood Ventures, LLC, Murchison Ventures, LLC, and Queets Ventures are residents of Delaware, which recognizes cross-jurisdictional tolling. *See Blanco v. AMVAC Chem. Corp.*, No. N11C–07–149 JOH, 2012 WL 3194412 (Del. Super. Ct. Aug. 8, 2012). We conclude that this argument is forfeited, as we do not consider a legal theory not raised before the district court "[i]n the absence of 'manifest injustice.'" *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 146 (2d Cir. 2001).

Plaintiffs are Florida residents. Florida provides the shorter statute of limitations, and thus governs the timeliness of the Adams Plaintiffs' claims. Florida's statute of limitations for fraud and fiduciary duty claims is four years, running from when the facts giving rise to it were discovered or should have been discovered with the exercise of due diligence. *See* Fla. Stat. § § 95.11(3)(j), 95.11(3)(p), 95.031(2)(a). The statute of limitations for a breach of contract claim is five years, running from the date of accrual. Fla. Stat. § 95.031(1), 95.11(2)(b). Critically, Florida does not allow tolling during the pendency of class action lawsuits no matter where they are filed. *See* Fla. Stat. § 95.051(2) ("A disability or other reason does not toll the running of any statute of limitations except those specified in this section, § 95.091, the Florida Probate Code, or the Florida Guardianship Law.").

Because Florida so clearly prohibits tolling during the pendency of class action lawsuits, regardless of where filed, the Adams Plaintiffs' claims are time-barred.  *See, e.g.*, *Becnel v. Deutsche Bank, AG*, 507 F. App'x 71, 73 (2d Cir. Jan. 11, 2013).

We have considered the remainder of the Adams Plaintiffs' claims and find them to be without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.  Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3