OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal places before us a long-simmering question: where does a nonresident’s contract claim accrue for purposes of the Statute of Limitations? CPLR 202 requires our courts to “borrow” the Statute of Limitations of a foreign jurisdiction where a nonresident’s cause of action accrued, if that limitations period is shorter than New York’s. The primary issue presented by this appeal is whether, for purposes of CPLR 202, the nonresident plaintiffs contract and quantum meruit claims accrued in New York, where most of the relevant events occurred, or in plaintiffs State of residence, where it sustained the economic impact of the alleged breach.
 

 
 *527
 
 According to the complaint, by contract dated February 1, 1988, defendant retained plaintiff to perform certain consulting services. In March 1989 plaintiff located an investment company that agreed to purchase all of defendant’s outstanding shares, and between February 1988 and August 1989, plaintiff additionally advised defendant regarding corporate planning. On November 6, 1989, plaintiff demanded payment of over nine million dollars for services rendered, which defendant refused the following week.
 

 On November 9, 1995, plaintiff commenced an action in the United States District Court for the Southern District of New York to recover its commissions and fees. Because both parties were Delaware corporations, however, on April 10, 1996 the court dismissed the complaint for lack of subject matter jurisdiction. Three months later, plaintiff brought a substantially similar suit across the street, in Supreme Court, New York County. The parties do not dispute that this action is timely if the Federal action was timely when commenced on November 9, 1995 (CPLR 205).
 

 Relying on CPLR 202, defendant sought dismissal of plaintiff’s claims for failure to comply with the Statute of Limitations of Delaware (where plaintiff is incorporated) or Pennsylvania (where, according to the Federal complaint, plaintiff had its principal place of business). Plaintiff’s claims would be time-barred in both States
 
 (see,
 
 Del Code Annot, tit 10, § 8106 [three-year limitations period for actions on a promise]; Del Code An-not, tit 10, § 8111 [one year for actions for services]; 42 Pa Cons Stat Annot § 5525 [four years for contract actions]).
 
 [1]
 
 In opposing defendant’s motion, plaintiff maintained that New York’s six-year Statute of Limitations applied because most of the events relating to the contract took place in New York, and that the action was timely because the Federal action was commenced within six years after defendant refused plaintiff’s demand for fees and commissions
 
 (see,
 
 CPLR 213 [2]).
 

 Supreme Court agreed with defendant and dismissed the complaint, holding that under the borrowing statute plaintiff’s causes of action accrued where it suffered injury: its place of residence. In a separate order, Supreme Court denied plaintiff’s motion to renew the motion to dismiss. The Appellate Division
 
 *528
 
 unanimously affirmed both Supreme Court orders (251 AD2d 17), and this Court granted plaintiff leave to appeal so much of the Appellate Division order as affirmed the dismissal of the complaint, in order to resolve the issue definitively and eliminate the need for courts to engage in “guesswork” when determining the place of accrual for contract actions under CPLR 202
 
 (see, Siegel, NY
 
 Prac § 57, at 70 [2d ed]). Because we agree that plaintiff’s cause of action accrued where it sustained its alleged injury, we now affirm.
 

 When a nonresident sues on a cause of action accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.
 
 [2]
 
 This prevents nonresidents from shopping in New York for a favorable Statute of Limitations
 
 (see, Antone v General Motors Corp.,
 
 64 NY2d 20, 27-28).
 

 Plaintiff argues that the New York Statute of Limitations applies because its claims accrued in New York, where the contract was negotiated, executed, substantially performed and breached. In essence, plaintiff urges that we apply a “grouping of contacts” or “center of gravity” approach — used in substantive choice-of-law questions in contract cases — to determine where contract and quantum meruit causes of action accrue for purposes of CPLR 202
 
 (see, Zurich Ins. Co. v Shearson Lehman Hutton,
 
 84 NY2d 309, 317;
 
 Matter of Allstate Ins. Co. [Stolarz],
 
 81 NY2d 219, 226).
 

 At the threshold, however, there is a significant difference between a choice-of-law question, which is a matter of common law, and this Statute of Limitations issue, which is governed by particular terms of the CPLR. In using the word “accrued” in CPLR 202 there is no indication that the Legislature intended the term “to mean anything other than the generally accepted construction applied throughout CPLR Article 2 — the time when, and the place where, the plaintiff first had the right to bring the cause of action” (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 202.04, at 2-61).
 

 CPLR 202 has remained substantially unchanged since 1902
 
 (see, Antone v General Motors Corp., supra,
 
 64 NY2d, at 27).
 
 *529
 
 While its predecessor, section 13 of the Civil Practice Act, used the word “arise” instead of “accrue,” the Legislature intended no change in meaning when it adopted the present provision, in 1962, as part of the CPLR. The legislative purpose was simply to ensure that the language of CPLR 202 conformed with other CPLR provisions
 
 (see,
 
 1962 NY Legis Doc No. 8, at 69;
 
 Insurance Co. v ABB Power Generation,
 
 91 NY2d 180, 186, n 2). Because earlier iterations of the borrowing statute predate the substantive choice-of-law “interest analysis” test used in tort cases
 
 (see, Babcock v Jackson,
 
 12 NY2d 473 [1963]) and the “grouping of contacts” or “center of gravity” approach used in contract cases
 
 (see, Auten v Auten,
 
 308 NY 155 [1954]), these choice-of-law analyses are inapplicable to the question of statutory construction presented by CPLR 202
 
 (see generally,
 
 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 202.04, at 2-61).
 

 Indeed, while this Court has not addressed the issue in the context of a contract case, we have consistently employed the traditional definition of accrual — a cause of action accrues at the time and in the place of the injury — in tort cases involving the interpretation of CPLR 202.
 
 Martin v Dierck Equip. Co.
 
 (43 NY2d 583) is illustrative. There, the plaintiff was injured while operating a forklift at his employer’s warehouse in Virginia. The forklift manufacturer and distributor were located in New York, and the forklift was sold to plaintiff’s employer in New York. Plaintiff sued the manufacturer and distributor in negligence and strict products liability.
 
 [3]
 
 The Court held that for purposes of the borrowing statute, the negligence causes of action as well as the cause of action which plaintiff labeled “breach of warranty” accrued in Virginia: “[p]laintiff possessed no cause of action, in tort or in contract, anywhere in the world until he was injured in Virginia”
 
 (id.,
 
 at 588, 591).
 

 When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss
 
 (see, e.g., Matter of Smith Barney, Harris Upham & Co. v Luckie,
 
 85 NY2d 193, 207,
 
 rearg denied
 
 85 NY2d 1033,
 
 cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith,
 
 516 US 811;
 
 Gorlin v Bond Richman & Co.,
 
 706 F Supp 236, 240 [SD NY 1989] [internal citation omitted] [“For purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained. In cases
 
 *530
 
 involving economic harm, that place is normally the state of plaintiffs residence.”];
 
 cf., Lang v Paine, Webber, Jackson & Curtis,
 
 582 F Supp 1421 [SD NY 1984] [Canadian plaintiff intentionally maintained separate financial base in Massachusetts; under the circumstances, injury of losing Massachusetts funds was felt in Massachusetts, not Canada]). Here, plaintiffs causes of action are time-barred whether one looks to its State of incorporation or its principal place of business. Thus, we need not determine whether it was in Delaware or Pennsylvania that plaintiff more acutely sustained the impact of its loss.
 

 Plaintiff relies on
 
 Insurance Co. v ABB Power Generation
 
 (91 NY2d 180, supra) for the proposition that the place where the relevant contacts are grouped, not the place of the injury, determines accrual for purposes of the borrowing statute. The question in
 
 ABB Power
 
 was whether plaintiffs cause of action could accrue in California, even though the parties in their contract chose the forum and law of New York. The Court answered in the affirmative, holding that a forum-selection clause, or inability to obtain personal jurisdiction over a defendant in a foreign jurisdiction, would not override CPLR 202. Once the Court decided that CPLR 202 applied, it was clear that California was the State of accrual, as California was the place of the injury as well as the place where “all of the operative facts” occurred
 
 (id.,
 
 at 183). Thus, the Court did not have to decide whether to use a choice-of-law analysis or place-of-injury rule in order to determine where plaintiffs causes of action accrued.
 

 Finally, as we underscored in
 
 ABB Power,
 
 “CPLR 202 is designed to add clarity to the law and to provide the certainty of uniform application to litigants”
 
 (id.,
 
 at 187). This goal is better served by a rule requiring the single determination of a plaintiffs residence than by a rule dependent on a litany of events relevant to the “center of gravity” of a contract dispute.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . On appeal, defendant alleges that plaintiffs principal place of business is in Florida, not Pennsylvania. It is unnecessary for us to choose between these two States, as plaintiffs claims are time-barred under Florida’s Statute of Limitations as well as Pennsylvania’s
 
 (see,
 
 Fla Stat Annot § 95.11 [2] [five-year limitations period for breach of contract]).
 

 [2]
 

 . CPLR 202 states: “An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.”
 

 [3]
 

 . Although plaintiff had characterized its second cause of action as one for breach of warranty, the Court concluded that the claim was “in reality one in strict products liability” (id., at 589).