■ NKIAMBI JEAN LEMA, Appellant, v THE BANK OF NEW YORK, Respondent, et al., Defendant. [875 NYS2d 41]—

Order, Supreme Court, New York County (Judith J. Gische,

J.), entered January 23, 2008, which granted the motion of defendant Bank of New York (BNY) for summary judgment dismissing the complaint against it, and sua sponte dismissed the complaint against defendant Cassa, unanimously affirmed, without costs.

A thief known to plaintiff intercepted an unendorsed check drawn by Cassa on its account at BNY. The drawee then paid on the unendorsed check, which the thief earmarked for a corporate account (LemaCo) held by plaintiff at Bank of America (BOA). As plaintiff had no direct rights in connection with the Cassa check, any viable claim against BNY could not be founded on the terms of the check, but rather upon BNY's alleged mistakes in handling both its deposit and collection.

Title 4 of the Maryland Code Annotated, Commercial Law governs bank deposits and collections. Section 4-111 provides that "An action to enforce an obligation, duty, or right arising under this title must be commenced within 3 years after the cause of action accrues." As the IAS court correctly found, plaintiff's injury accrued, at the latest, on February 22, 2000, when BOA notified him that it had debited his corporate account in the amount of $60,000. Plaintiff's commencement of the instant action more than three years later, in March 2004, was untimely under section 4-111. Maryland law was appropriately applied since that was the state where plaintiff resided, where LemaCo was located, and where the cause of action accrued when LemaCo's account at a BOA branch was debited and plaintiff was notified of such debit by mail at his residence (CPLR 202; *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999]).

We have considered plaintiff's remaining arguments and find them without merit. Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ. [*See* 2008 NY Slip Op 30170(U).]