Order, Supreme Court, New York County (Eileen Bransten, J.), entered September 17, 2012, which, to the extent appealed from, granted defendants Leonard Blavatnik, Victor Vekselberg, Simon Kukes, Access Industries, Inc., Alfa Group Consortium, Renova, Inc., Oao Tyumen Oil Company and TNK-BP Limited’s and defendant BP PLC’s motions to dismiss the complaint as against them, and denied plaintiffs motion to supplement the record on defendants’ motions, unanimously affirmed, with costs.
On February 26, 2002, plaintiff, a resident of Alberta, Canada, commenced an action against all but one of the instant defendants (BP) in the United States District Court for the Southern District of New York, asserting violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1961 et seq.; see Norex Petroleum Ltd. v Access Indus., Inc., 304 F Supp 2d 570 [SD NY 2004], vacated and remanded 416 F3d 146 [2d Cir 2005], cert denied 547 US 1175 [2006]). Plaintiff amended the complaint, on December 21, 2005, to add BP as a defendant and to add two claims under Russian law, although not as against BE
The instant action, which plaintiff commenced in 2011, is barred as untimely under Alberta law, which limits the time to bring claims for the torts alleged by plaintiff to within two years from the date on which the claimant first knew or should have known that an injury had occurred, that the injury was attributable to defendants, and that the injury warranted bringing a proceeding (see RSA 2000, ch L-12, § 3), and which, more importantly, does not have a provision that would toll the limitations period in favor of a previously filed action.
*660 28 USC § 1367, which gives the federal courts supplemental jurisdiction over all other claims related to the claims in a federal action (28 USC § 1367 [a]) and, for any of those claims that are dismissed, tolls the limitations period for 30 days after they are dismissed, “unless State law provides for a longer tolling period” (28 USC § 1367 [d]), is not applicable to this action, because New York law provides for a tolling period of six months (see CPLR 205 [a]). CPLR 205 (a) could not save plaintiff’s claims in any event, because New York’s borrowing statute requires the courts to apply Alberta’s limitations period (see CPLR 202; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 529 [1999]). Alberta’s limitations periods for plaintiff’s state law and Russian-law claims expired, at the latest, in 2004 and 2007, respectively.
Even if 28 USC § 1367 applied to plaintiffs claims, the claims would still have to be dismissed. Plaintiff first asserted its state-law claims in 2011, more than eight years after the original (federal) complaint was filed, and more than five years after the complaint was amended. Plaintiff first asserted its two Russian-law claims more than two years after the original complaint was filed. Nor, contrary to its argument, can plaintiff avail itself of the relation-back doctrine to add six entirely new state-law claims eight years after filing the original federal complaint, five years after amending that complaint (when presumably it knew it had state-law claims), and after its federal complaint was dismissed for failure to state a claim—a dismissal on the merits (see Norex Petroleum Ltd. v Access Indus., Inc., 631 F3d 29, 32 [2d Cir 2010]), which bars plaintiff from bringing the state claims that it alleges “are based upon the same transaction or occurrence or series of transactions or occurrences it pled in its federal action.”
We have considered plaintiffs remaining arguments and find them unavailing.
Concur—Andrias, J.P, Saxe, DeGrasse, Richter and Gische, JJ.