Dagliano v. Eli Lilly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

————————————————————————

Joseph Scott Dagliano,

<div style="margin-left:4em">*Plaintiff-Appellant*,</div>

    v.

Eli Lilly, Pharmaceutical Drug Company,

<div style="margin-left:4em">*Defendant-Appellee.*</div>

CORRECTED
No. 12-1329-cv

————————————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | Joseph Scott Dagliano, *pro se*, Bland, VA. |
| For Defendant-Appellee: | Adam B. Michaels, Pepper Hamilton LLP, New York, NY; Nina M. Gussack, Pepper Hamilton LLP, Philadelphia, PA. |

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Joseph Scott Dagliano, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Eli Lilly Pharmaceutical Drug Co. ("Eli Lilly") on the ground that Dagliano's product liability action was barred by the statute of limitations. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* However, reliance upon conclusory statements or mere allegations is insufficient to defeat a summary judgment motion. *See Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993).

Dagliano, an incarcerated individual residing in Virginia, alleged that he was prescribed Zyprexa, an anti-psychotic drug manufactured by Eli Lilly, in March 2003, and that Zyprexa caused him to suffer from fatigue, nausea, loss of appetite and abdominal pains. In December 2003, Dagliano ceased taking Zyprexa because he believed that it caused his stomach pain, and in May 2007, Dagliano filed suit in this case. The district court granted Eli Lilly's motion for summary judgment, finding that Virginia's two-year statute of limitations on product liability suits applied and that the statute of limitations had run between Dagliano's alleged injury in 2003 and his filing of the instant suit in 2007. The district court also found that Dagliano had not put forth any evidence supporting his claim that the statute of limitations should have been tolled

by his alleged disability or his incarceration or that the statute of limitations should have extended based on Eli Lilly's alleged fraudulent concealment.

While we affirm the district court's grant of summary judgment for substantially the reasons stated in the district court's February 29, 2012 Memorandum Order and Judgment, we write to clarify one point in the district court's analysis. The district court found that New York law requires it to perform an "interest analysis to determine which jurisdiction has the greatest interest in having its law applied to the case." App. at 280. While this is true in most contexts, the interest analysis does not apply to statutes of limitations. *See* N.Y. C.P.L.R. 202; *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998). Thus, even though the district court misstated the general rule, its conclusion that Virginia's two-year statute of limitations applied under New York law was correct, as New York's so-called "borrowing statute" provides that a suit by a non-resident bringing a cause of action that accrues outside of New York "cannot be commenced after the expiration of the time limited by the laws of either [New York] *or* the place without the state where the cause of action accrued." N.Y. C.P.L.R. 202 (emphasis added). In tort cases, "a cause of action accrues at the time and in the place of the injury." *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999). Here, Dagliano's cause of action accrued in Virginia because he took Zyprexa and suffered his alleged injury there. Because Virginia's two-year statute of limitations for personal injury actions, *see* Va. Code Ann. § 8.01-243(A), is shorter than New York's three-year statute of limitations, *see* N.Y. C.P.L.R. 214(5). New York's borrowing statute requires application of Virginia's two-year statute of limitations, which the district court properly applied in finding Dagliano's suit time-barred.

Additionally, to the extent that Dagliano has put forward on appeal new evidence supporting his claim that the statute of limitations should have been tolled by his alleged

3

disability, that evidence is not properly before this Court and will not be considered. *See Int'l Bus. Machines Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). We have considered all of Dagliano's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.  Dagliano has moved for a "stipulation of facts."  It is further **ORDERED** that the motion is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4