13-829-cv
Woori Bank v. Merrill Lynch, *et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,

---

Woori Bank,

> *Plaintiff-Appellant*,

> v.                                                          No. 13-829-cv

Merrill Lynch, *et al.*,

> *Defendants–Appellees.*

---

FOR APPELLANT:          Brent W. Landau, Hausfeld LLP, Philadelphia, PA.


FOR APPELLEES:          Adam S. Hakki, John Gueli, New York, NY, *for* Merrill Lynch, Merrill Lynch International, Inc., Pierce, Fenner & Smith, Inc., Merrill Lynch & Co., Inc., and Bank of America Corporation.

                        David B. Hennes, New York, NY, *for* Taberna Preferred Funding II, Inc., and Taberna Preferred Funding VI, Inc.,

---

Appeal from a judgment of the United States District Court Southern District of New York (Marrero, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Woori Bank ("Woori") appeals from the February 6, 2013 judgment of the United States District Court for the Southern District of New York (Marrero, *J.*), granting Defendants-Appellees' motion to dismiss the complaint based on the applicable statute of limitations. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Woori filed a complaint on May 18, 2012, asserting claims for fraud, rescission, negligent misrepresentation, and unjust enrichment arising out of its $143 million investment in several collateralized debt obligations ("CDOs"). Merrill Lynch & Co., Inc., Merrill Lynch International, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., and Bank of America Corporation (collectively, "Merrill Lynch") moved to dismiss the complaint, arguing that Woori's claims were time barred. The district court granted the motion, determining that Woori's complaint was time barred because Woori was aware of its claim prior to May 2009.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

It is well settled that a federal court sitting in diversity must look to the law of the forum state to determine which state's statute of limitations to apply. *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722-29 (1988). In this case, New York's borrowing statute applies; it provides:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. C.P.L.R. § 202.

South Korea is Woori's place of residence as well as the location where it allegedly sustained economic harm. Woori's causes of action therefore accrued in South Korea. *See generally Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 529 (1999) ("When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss."). The parties do not dispute that the applicable South Korean statute of limitations is three years. *See* Appellant's Br. 5-7; Appellees' Br. 6. Therefore, pursuant to the New York borrowing statute, the South Korean statute of limitations applies to this action, because it is shorter than New York's six-year statute. *See* N.Y.C.P.L.R. § 213(8).

Woori argues that its claim accrued in January 2011, when the Financial Crisis Inquiry Commission ("FCIC") published the *Final Report of the National Commission on the Causes of the Financial and Economic Crisis in the United States*, and, as a result, its claim cannot be time barred. As the district court noted, however, the FCIC report was not a "talismanic open sesame." *Woori Bank v. Merrill Lynch*, 923 F. Supp. 2d 491, 498 (S.D.N.Y. 2013) (internal quotation marks omitted). Indeed, in its complaint Woori refers to sources from 2008 discussing Merrill Lynch's practices regarding its CDOs, and Woori pleads that the CDOs at issue were downgraded in October 2007 "expos[ing]" Merrill Lynch's "corrupt system of CDO ratings." Joint App. at 33, 36, 50-55. The district court carefully analyzed Woori's claims and correctly concluded that the overall publicity surrounding Merrill Lynch's CDOs, the lawsuits filed against Merrill Lynch relating to the CDOs, and the government investigations into Merrill

Lynch's activities were sufficient to make Woori "actually and specifically recognize[]" this claim for damages prior to May 2009, as required under South Korean law. Joint App. 985, 995.

Having conducted an independent and *de novo* review of the record, we AFFIRM the judgment of the district court substantially for the reasons articulated in its thorough decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk