■ Allstate Insurance Company et al., Respondents, v Morgan Stanley et al., Appellants. [985 NYS2d 562]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 15, 2013, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the first, second and third causes of action, unanimously affirmed, with costs.

As the parties agree, the applicable statute of limitations for plaintiffs' claims is determined by the law of Illinois, where the claims arose (CPLR 202; *Global Fin. Corp. v Triarc Corp.*, 93 NY2d 525 [1999]). While no Illinois court has ruled on the issue, we agree with the IAS court that the better reading of the tolling provisions of 815 Ill Comp Stat 5/13 (D) is that paragraph (2) requires *actual notice* of facts to trigger a duty to inquire as to the existence of an alleged violation (*see In re Countrywide*

*Fin. Corp. Mtge.-Backed Sec. Litig.*, 860 F Supp 2d 1062, 1076 [CD Cal 2012]). Applying this standard, it cannot be said as a matter of law that plaintiffs had *actual knowledge* sufficient to end the tolling of the limitations period, prior to 2008 (three years before the commencement of this action). Defendants' argument that the general collapse of the residential mortgage-backed securities market bars plaintiffs from proving loss causation is not ripe for determination at the pleading stage (*see MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287, 296 [1st Dept 2011]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Manzanet-Daniels and Feinman, JJ. ▇▇▇▇