Luv N'Care, Ltd. v. Goldberg Cohen, LLP

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand seventeen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X
LUV N' CARE, LTD; ADMAR
INTERNATIONAL, INC.,
         Plaintiffs-Counter-
         Defendants-Appellants,

         -v.-                                    16-3219

GOLDBERG COHEN, LLP,
         Defendant-
         Counter-Claimant-Appellee,

LEE A. GOLDBERG; MORRIS E. COHEN,
         Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - - - -X

1

**FOR APPELLANTS:**              JACK M. WEISS (Carol W. Reisman
                                 on the brief), Liskow & Lewis
                                 LLP, New Orleans, LA.

                                 Robert M. Chiaviello, Jr.,
                                 Monroe, LA.

**FOR APPELLEES:**               MORRIS E. COHEN (Lee A. Goldberg
                                 on the brief), Goldberg Cohen
                                 LLP, New York, NY.

                                 Jeffrey S. Dweck, Law Firm of
                                 Jeffrey S. Dweck P.C., New York,
                                 NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Luv N' Care, Ltd. and Admar International, Inc. (collectively "Luv N' Care") appeal from the judgment of the United States District Court for the Southern District of New York (Buchwald, J.), dismissing on motion Luv N' Care's legal malpractice claims as time-barred. Luv N' Care had sued Lee Goldberg, Morris Cohen, and their law firm (collectively "Goldberg Cohen") for malpractice arising out of various trial and patent proceedings. We assume the parties' familiarity with the facts, the procedural history, and the issues presented for review.

2

**1.** Luv N' Care argues that the district court incorrectly held that its claims accrued in Louisiana, and that the claims therefore must be timely under Louisiana law. The New York "borrowing statute" states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either [New York] or the place without the state where the cause of action accrued . . . .

N.Y. C.P.L.R. 202. "When a nonresident sues on a cause of action accruing outside New York, C.P.L.R. 202 requires the cause of action to be timely under the limitations period of both New York and the jurisdiction where the cause of action accrued." Global Fin. Corp. v. Triarc Corp., 93 N.Y.2d 525, 528 (1999).

"When an alleged injury is purely economic, the place of injury usually is where the plaintiff resides and sustains the economic impact of the loss." Id. at 529. New York courts have suggested that legal malpractice claims involve "purely economic" injuries. Cf. Dombrowski v. Bulson, 19 N.Y.3d 347, 350, 352 (2012).

Whether or not all malpractice injuries are economic, the specific loss claimed in this case is purely economic, notwithstanding plaintiffs' characterization that legal

3

malpractice damages a plaintiff's "property rights" in its legal claims and patents. This cause of action therefore accrued "where the plaintiff resides," Triarc, 93 N.Y.2d at 529, which in Luv N' Care's case is the location of its principal place of business, Robb Evans & Assocs. LLC v. Sun Am. Life Ins., No. 10 Civ. 5999(GBD), 2012 WL 488257, at *3 (S.D.N.Y. Feb. 14, 2012) ("Courts within the Second Circuit have consistently held that a business entity's residence is determined by its principal place of business.").[1] The complaint specifies Luv N' Care's

---

[1] The New York Court of Appeals has not specifically addressed whether a corporation's residence is determined (for purposes of the borrowing statute) by its principal place of business or its state of incorporation. Despite some conflicting authority, see, e.g., Gordon v. Gredno, 102 A.D.3d 584, 585 (1st Dep't 2013); Verizon Directories Corp. v. Continuum Health Partners, Inc., 74 A.D.3d 416 (1st Dep't 2010), the New York Court of Appeals would likely hold that malpractice claims accrue at a corporation's principal place of business. That is because the Court of Appeals has stated that, for purely economic injuries, "the place of injury usually is where the plaintiff resides *and sustains the economic impact of the loss*." Triarc, 93 N.Y. 2d 525 (emphasis added). It would seem that an economic harm has greater effect on a for-profit enterprise's activities at its principal place of business rather than at its place of incorporation.

4

principal place of business as Louisiana.[2]  Accordingly, Luv

N' Care's claim accrued in Louisiana.

Luv N' Care challenges that determination on several

grounds; none have merit.  For example, it argues (1) that

its injuries "accrued" at the place where Goldberg Cohen

committed legal malpractice, not where Luv N' Care resides,

and (2) that Luv N' Care's injuries were not "purely

economic," so the residency rule of the district court did

not apply.

Luv N' Care claims to have raised these claims twice

in the district court, but neither filing contains the

arguments that Luv N' Care now asserts.  In one, Luv N'

Care argued that claims accrue in the state that has the

"greatest interest" in the dispute, a position that the New

York Court of Appeals has rejected for purposes of the

borrowing statute, Triarc, 93 N.Y.2d at 529, and that is

distinct from Luv N' Care's current argument.  The other

filing is similarly off-point from the argument Luv N' Care

urges on appeal.

---

[2] The complaint also specifies that the principal place
of business of Luv N' Care's affiliate and co-plaintiff,
Admar International, is Louisiana.

These arguments were ultimately raised in Luv N' Care's post-judgment motion.  We will consider an argument, otherwise forfeited, when it "was raised before the district court in a post-trial brief, *and was considered by the district court*."  Fortress Bible Church v. Feiner, 694 F.3d 208, 216 n.3 (2d Cir. 2012) (emphasis added).  However, the district court did not consider these new arguments in its order denying Luv N' Care's motion, and we decline to consider them for the first time on appeal.

Separately, Luv N' Care argues that its co-plaintiff Admar International is a resident of Delaware (its state of incorporation) rather than Louisiana (its principal place of business).  Luv N' Care's brief mentions this argument in a footnote.  "We ordinarily deem an argument to be forfeited where it has not been sufficiently argued in the briefs, . . . such as when it is only addressed in a footnote."  City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (citation and quotation marks omitted).  Consequently, we do not consider this argument.

**2.** Luv N' Care admits that, if Louisiana law applies, Louisiana Revised Statutes § 9:5605(A)--provided it can be borrowed[3]--governs Count One.  The statute provides that

> [n]o action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any . . . professional combination authorized by the laws of this state to engage in the practice of law . . . arising out of an engagement to provide legal services shall be brought unless filed . . . within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, . . . in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

Id.

Count One arose out of a lawsuit in which Luv N' Care sued a distributor for copying the design of one of its products.  Luv N' Care asserts that Goldberg Cohen committed malpractice by failing to include an *additional* product line in that lawsuit.

---

[3] Luv N' Care argues that § 9:5605 is a statute of repose (not just a statute of limitations), and that statutes of repose cannot be borrowed by C.P.L.R. 202.  Luv N' Care did not present that argument to the district court before entry of judgment.  Although Luv N' Care made the argument in a post-judgment motion, the district court did not grapple with it in denying reconsideration.  We see no reason to consider the argument in the first instance.  See Fortress Bible Church, 694 F.3d at 216 n.3.

The trial court in that case imposed a deadline requiring that pleadings be amended (e.g., to include additional product lines) by April 2, 2012.  Therefore, any failure to include a product line must be measured from that date.  Louisiana law requires that all malpractice suits "shall be filed at the latest within three years from the date of the alleged act, omission, or neglect."  Id. Luv N' Care filed its initial complaint, which included Count One, on November 23, 2015, outside the three-year limitations period.  It is therefore time-barred.

As to Counts Two through Five, Luv N' Care argues that, even if its claims accrued in Louisiana, the district court should have looked to Louisiana Civil Code article 3492, which permits limitations periods to be tolled in certain circumstances.[4]  As is relevant here, under article 3492, as is true under § 9:5605(A), a malpractice plaintiff's claims must be brought within one year of discovery.  See Marin v. Exxon Mobil Corp., 48 So. 3d 234, 244, 246 (La. 2010); Stett v. Greve, 810 So. 2d 1203, 1209 (La. Ct. App. 2002).

---

[4] Although Louisiana law uses the civil-law term "prescriptive period" rather than "statute of limitations" or "limitations period," the concepts are essentially equivalent for purposes of this appeal.

8

We conclude that, no matter which statute applies, Counts Two through Five are all untimely.

a.   Luv N' Care conceded that Counts Four and Five would be time-barred if Louisiana Law applied to them.

- Count Four: "*The Court*: If Louisiana law applies, you would agree that Count Four would be time barred, correct? *Mr. Chiavello*: That's correct, your Honor."  S. App'x at 53.

- Count Five: In discussing Count Five, counsel stated that Luv N' Care "became aware of the problem with [Goldberg Cohen's] strategy . . . on April 21, 2014," and indicated "that's when the error and omission was discovered."  S. App'x at 54.  Luv N' Care amended its complaint to add Count Five on January 5, 2016, more than one year after discovery.

b.   Count Two alleges that Goldberg Cohen failed to properly withdraw certain prosecution disclaimers.  Luv N' Care alleged in its Complaint that it was "forced to concede . . . that the patent claims for which the prior prosecution disclaimer[s] had remained in effect were not infringed" on September 3, 2013, App'x at 215, the date on

9

which the district court found Luv N' Care had discovered its malpractice claim. Because Luv N' Care filed the instant complaint on November 23, 2015, the claim was not brought within one year of discovery.

**c.** Count Three alleges that Goldberg Cohen mishandled Luv N' Care's claims for attorneys' fees in a case brought in the United States District Court for the Eastern District of Texas. Luv N' Care's instant complaint alleges that Goldberg Cohen failed to inform the opposing party about Luv N' Care's claim before filing suit, allegedly as "required by Texas law as a condition precedent for the recovery of attorney's fees." App'x at 218. Luv N' Care acknowledged, at oral argument before the district court, that it was aware of the late filing when it was made on March 20, 2014. Again, because Luv N' Care filed the instant complaint on November 23, 2015, the claim was not brought within one year of discovery.

Consequently, all of Luv N' Care's claims are time-barred.[5]

---

[5] The continuous representation rule does not offer a sufficient toll for any of Luv N' Care's claims because it is undisputed that Goldberg Cohen ceased representing Luv N' Care, at latest, more than one year before Luv N' Care filed its complaint.

**3.** Luv N' Care asserts that the district court should have granted it leave to amend. We review a district court's denial of leave to amend for abuse of discretion. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

After Luv N' Care filed its initial complaint, Goldberg Cohen requested a conference to discuss its proposed motion to dismiss on the ground of untimeliness. Both parties filed letter-briefs regarding the proposed motion and the district court conferred by phone with the parties. During the conference, the district court (*sua sponte*) granted plaintiffs an opportunity to amend their complaint. They did so, and the district court held oral argument after Goldberg Cohen renewed its motion on the amended complaint. The district court granted the motion to dismiss.

Luv N' Care had numerous opportunities to demonstrate that its claims were timely. We cannot say that the district court abused its discretion in denying leave to amend to give Luv N' Care yet another chance. See State Trading Corp. of India v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) ("[A] busy district court need not allow itself to be imposed upon by the presentation of

theories seriatim." (quoting <u>Freeman v. Cont'l Gin Co.</u>, 381 F.2d 459, 469 (5th Cir. 1967)).

For the foregoing reasons, and finding no merit in Luv N' Care's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK