17-3513
*Ayers et al. v. Piaker & Lyons et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand eighteen.

PRESENT:
GERARD E. LYNCH,
SUSAN L. CARNEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

DEANNA M. AYERS, ET AL.,

　　　*Plaintiffs-Appellants*,

　　　　　　v.　　　　　　　　　　　　　　　　　　Nos. 17-3513
　　　　　　　　　　　　　　　　　　　　　　　　　　　　18-716

PIAKER & LYONS, P.C., RONALD SIMONS, TIMOTHY N. PAVENTI,

　　　*Defendants-Appellees.*

_____

FOR APPELLANTS:　　　　　　　EDWARD T. KANG, Kang, Haggerty & Fetbroyt LLC, Philadelphia, PA.

FOR APPELLEES:　　　　　　　　BRENDAN M. SHEEHAN, Bond, Schoeneck & King PLLC, Syracuse, NY (Bradley Hoppe, Charles C. Swanekamp, Bond, Schoeneck & King PLLC, Buffalo, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 11, 2017, is **AFFIRMED**.

Beginning in about 2004 and continuing through about 2009, plaintiffs made investments in various funds and trusts offered by a set of firms operating in the Albany, NY, area. These firms included McGinn, Smith & Co., Inc., McGinn Smith Advisors, LLC, and McGinn Smith Capital Holdings Corp. (collectively, "McGinn Smith" or "the McGinn Smith companies"). Defendants Piaker & Lyons, Ronald Simons, and Timothy Paventi (together, the "auditor defendants") served as outside auditors and accountants for the McGinn Smith companies, as well as for the McGinn Smith principals, Timothy McGinn and David Smith. As part of their duties, from 1992 through at least 2008, defendants performed audits, prepared tax returns for the McGinn Smith companies, and reviewed McGinn Smith's books and records to support their issuance of unqualified audit opinions for the entities. In April 2010, however, the SEC brought an emergency enforcement action charging that McGinn Smith had defrauded its investors by running a Ponzi scheme in violation of multiple federal securities laws. Over the following years, in civil and criminal proceedings, the SEC and the government proved these charges.

On September 11, 2014, plaintiffs—residents of Pennsylvania, Delaware, New Jersey, and Florida during the period from 2004 through 2009—sued the auditor defendants in the United States District Court for the District of New Jersey, based on diversity jurisdiction. The case was later transferred to the United States District Court for the Northern District of New York. Plaintiffs alleged in various related state law counts that the auditor defendants aided and abetted McGinn Smith in perpetrating the fraud. Over time, the case was whittled down to an aiding and abetting claim, charging that defendant auditors materially assisted

2

McGinn Smith in conducting the fraud. Defendants countered with a motion for summary judgment on statute of limitations grounds.

The parties agree that the applicable statutes of limitations, if applied mechanically and triggered by the date of plaintiffs' acquisition of the interests in the funds and trusts, would bar their claims. Plaintiffs assert, however, that the statutes should be tolled because they "were not in . . . possession" of the actionable information regarding the auditor defendants until January 2014, Appellants' Br. at 8, when an SEC accountant testified in a related enforcement action that Piaker & Lyons prepared balance sheets for some McGinn Smith funds that included "values for loans . . . that weren't accurate," App. at 1708. Only then, they argue, could they have filed a complaint detailed enough to survive a motion to dismiss. The District Court concluded, however, that plaintiffs were on inquiry notice of their claims as of April 2010 when the SEC brought its enforcement action. Because plaintiffs did nothing to investigate their claims in the period of over four years between April 2010 and September 2014, when they filed their suit, the court ruled that their suit was time-barred.[1]

We assume the parties' familiarity with the additional underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's award of summary judgment for defendants.

We review a district court's grant of summary judgment de novo, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 50 (2d Cir. 2018). To assess the timeliness of plaintiffs' claims, we look to the statute of limitations under New York law, as the forum state, as well as the limitations periods of the plaintiffs' states of residence—Pennsylvania, Delaware, New Jersey, and Florida. *See* N.Y. C.P.L.R. § 202; *Global Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999) ("When a nonresident sues on a cause of action

---

[1] The District Court permitted the claims of only three plaintiffs to proceed. The District Court entered judgment pursuant to Fed. R. Civ. P. 54(b) in favor of the defendants on all claims dismissed by the Court's September 27, 2016 decision. The three plaintiffs whose claims were permitted to proceed have since voluntarily dismissed their claims.

accruing outside New York, CPLR 202 requires the cause of action to be timely under the limitation periods of both New York and the jurisdiction where the cause of action accrued.").

The statutes of limitations for fraud in New York, Pennsylvania, Delaware, New Jersey, and Florida all incorporate a variation of the discovery rule, keying the statute of limitations trigger to the date when plaintiffs knew or should have known they have been defrauded. *See* N.Y. C.P.L.R. § 213(8); 42 Pa. Const. Stat. § 5524(7); *Coleman v. Pricewaterhousecoopers, LLC*, 854 A.2d 838, 842 (Del. 2004); *Lopez v. Swyer*, 62 N.J. 267, 275 n.2 (N.J. 1973); Fla. Stat. § 95.031(2)(a). Invoking our decision in *City of Pontiac Gen. Employees' Retirement Sys. v. MBIA, Inc.*, 637 F.3d 169 (2d Cir. 2011), plaintiffs argue that they should be charged with knowledge sufficient to trigger the statute only when the discoverable facts would enable them to describe defendants' involvement in a pleading "with sufficient detail and particularity to survive a 12(b)(6) motion to dismiss." Appellants' Br. at 20 (quoting *City of Pontiac*, 637 F.3d at 175). This argument, while plausible, has no traction here. We explained in *Koch v. Christie's International PLC*, 699 F.3d 141, 150 (2d Cir. 2012), that the standard announced in *City of Pontiac* does not apply outside the context of actions pursued under Section 10(b) of the federal securities law, 15 U.S.C. § 78j(b), and that is so because we were construing a particular federal statute of limitations, 28 U.S.C. § 1658(b). Accordingly, we reject plaintiffs' suggestion that we apply the rule articulated in *City of Pontiac* to this case.

The common-law discovery rule is what governs here, and it rests, instead, on the concept of inquiry notice. As we noted in *Koch*, a potential plaintiff's common-law duty to inquire arises "when the circumstances would suggest to an investor of ordinary intelligence the probability that she has been defrauded." 699 F.3d at 151 (internal quotation marks omitted). Courts may impute such knowledge in two ways: "(i) if the investor makes no inquiry once the duty arises, knowledge will be imputed as of the date the duty arose; and (ii) if some inquiry is made, we will impute knowledge of what an investor in the exercise of reasonable diligence should have discovered concerning the fraud, and in such cases the limitations period begins to run from the date such inquiry should have revealed the fraud." *Id.* (internal quotation marks and alterations omitted); *see also Gleason v. Borough of Moosic*, 609

4

Pa. 353, 362 (2011) (explaining that inquiry notice is tied to "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury . . . or precise cause"); *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) (Delaware statute of limitations begins to run "upon the discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."); *Lopez*, 62 N.J. at 275 n.2 (explaining that in New Jersey, "in case of fraud the period of limitation, in equity, begins to run only from the discovery of the fraud or the time when, by reasonable diligence, it could have been discovered"); *Hearndon v. Graham*, 767 So.2d 1179, 1184 (Fla. 2000) (explaining that Florida limitations period accrues when plaintiff "either knows or reasonably should know of the tortious act giving rise to the cause of action").

Plaintiffs learned they had been defrauded by McGinn Smith in April 2010, and yet, as the District Court found, they have adduced no evidence showing that at any time before 2014 they exercised due diligence to investigate the wrong and discover related wrongdoers. In their brief on appeal, they refer only in passing to their "reasonable due diligence," Appellants' Br. at 2, but point to no record facts in support of that reference. Indeed, their argument rests largely on their assertions that they simply possessed no such information about the auditors and that, because they did not have subpoena power, they had no means of acquiring adequate information to proceed in good faith with a suit.

We agree with the District Court that in these circumstances knowledge of the fraud could be imputed to plaintiffs as of April 2010, when the SEC announced its enforcement action against McGinn Smith. In light of the nature of the fraud and the details of the SEC action—all publicly announced—plaintiffs had ample reason to begin investigations into McGinn Smith's auditors beginning in that month. Case after case has demonstrated that a Ponzi scheme perpetrated over an extended time often depends on some kind of involvement by the firm auditors, and the involvement plaintiffs now allege could have been investigated earlier. And, further demonstrating that plaintiffs had a duty of inquiry as of

5

April 2010, we note that the allegations that they bring in their amended complaint do not rely exclusively on the SEC accountant's testimony in 2014: indeed, many of their allegations rest on material that was in the public record well before then and on inferences gleaned from the public record, such as defendants' having falsely rendered "clean" audits for McGinn Smith. *See, e.g.*, Am. Compl. ¶¶ 13–15, 98, 100, 103, 108, 109, 112.

Thus, analyzing the timeliness of the aiding and abetting fraud claims under the New York statute of limitations, as well as the limitations period of each plaintiff's state of residence, we conclude that the District Court correctly held that plaintiffs' claims were time-barred.

* * *

We have considered plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court