MLRN LLC v U.S. Bank, N.A. (2023 NY Slip Op 03411)

MLRN LLC v U.S. Bank, N.A.

2023 NY Slip Op 03411

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Renwick, P.J., Gesmer, Singh, González, Scarpulla, JJ. 

Index No. 652712/18 Appeal No. 17602 Case No. 2022-03527 

[*1]MLRN LLC, Plaintiff-Respondent-Appellant,
v
U.S. Bank, National Association, Defendant-Appellant-Respondent.

Jones Day, New York (Michael T. Marcucci of counsel), for appellant-respondent.
Wollmuth Maher & Deutsch LLP, New York (John R. Hein and Timothy A. DeLange of the bar of the State of California, admitted pro hac vice, of counsel), for respondent- appellant.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 12, 2022, which, to the extent appealed from, (i) granted defendant's motion for partial summary judgment to the extent of dismissing as untimely the repurchase-related claims for loans liquidated outside of a six-year statute of limitations period but denied dismissal as to 57 certificates held by HBK Master Fund (HBKMF) or by Bank of New York Mellon Trust (BNYMT), and (ii) granted plaintiff's motion for summary judgment to the extent of ruling that plaintiff had standing to sue for all certificates at issue in the trusts; dismissing the second, third, and fiftieth affirmative defenses (which related to standing) and the forty-first affirmative defense (asserting champerty); and that an event of default (EOD) occurred in five of the relevant trusts (FFMER 2007-2, GSAMP 2006-HE6, HEAT 2005-9, JPMAC 2006-CW2, and MLMI 2006-AHLI) (together, the five trusts), unanimously modified, on the law and the facts, to grant defendant's motion insofar as it seeks to dismiss as time-barred the pre- and post-EOD repurchase-related claims on six of the certificates acquired from HBKMF [FN1] and on the claims related to five certificates previously held by BNYMT,[FN2] to deny defendant's motion insofar as it seeks to dismiss certain of plaintiff's pre-EOD document defect repurchase claims, to deny plaintiff's motion insofar as it seeks summary judgment dismissing the second, third, forty-first, and fiftieth affirmative defenses, and to deny summary judgment on plaintiff's claim that EODs occurred in the five trusts, and otherwise affirmed, without costs.
As to Supreme Court's denial of defendant's motion to dismiss the causes of action for pre- and post-EOD breaches of its duties to repurchase loans with document exceptions or representation and warranty breaches with respect to 57 of the certificates at issue, Supreme Court should not have found that the claims accrued in New York and were timely under New York's six-year statute of limitations. In contract cases involving a purely economic injury, accrual is determined by the "place of injury," which usually is determined by applying the "plaintiff-residence" rule; this rule asks where the plaintiff resides and where it feels the economic impact of the loss (see Deutsche Bank Natl.
Trust Co. v Barclays Bank PLC, 34 NY3d 327, 335-339 [2019]; Global Fin. Corp. v Triarc Corp., 93 NY2d 525, 528-529 [1999], affd 93 NY2d 525 [1999]). Applying the rule here, the relevant injury to the certificate holders from the alleged breaches was sustained where the certificate holders received the underpaid waterfall distributions on the certificates — that is, a location other than New York. Nevertheless, while the claims did not accrue in New York, there are issues of fact as to whether the place of injury with respect to 52 of the 57 certificates, which plaintiff acquired from HBKMF, was Texas, which has a four-year limitations period, or whether it was the Cayman [*2]Islands, which has a six-year period.
Even if the claims accrued in the Cayman Islands, the repurchase-related claims on the six HBKMF certificates should be dismissed. These claims are time-barred under the Cayman Island's six-year limitations period for contract claims, which runs from the time of breach with no class-action tolling. As to the claims regarding the five other certificates included in various collateralized debt obligations (CDO) held by California- based CDO trustee BNYMT, those claims accrued in California, which has a four-year limitation period and does not recognize class-action cross-jurisdictional tolling (see Clemens v DaimlerChrysler Corp., 534 F3d 1017, 1025 [9th Cir 2008]). As a result, the claims on those five certificates are also time-barred and should be dismissed.
Further, plaintiff has not established, as a matter of law, standing to pursue claims on all 122 certificates at issue. Although we have stated that matters of procedure are governed by the law of the forum state and that standing is a procedural matter (see Royal Park Invs. SA/NV v Morgan Stanley, 165 AD3d 460, 461-462 [1st Dept 2018], lv denied 32 NY3d 1143 [2019]), that rule is not applicable here as the relevant issue is not procedural. Rather, the substantive issue here is which law applies to plaintiff's ownership of the certificates and associated claims. This issue may not be properly resolved by applying the forum law. Instead, the issue is properly resolved by applying New York's choice-of-law rules, which for contractual choice-of-law disputes applies a "center of gravity" or "grouping of contacts" approach that determines the state with the most significant relationship to the relevant contract. We reject defendant's argument that the record demonstrates that the relevant contracts were made in Texas and under Texas contract law. The record evidence is not conclusive as to the place of contracting and center of gravity with respect to the 122 certificates (see Zurich Ins. Co. v Shearson Lehman Hutton, 84 NY2d 309, 317 [1994]). Thus, it is premature to rule on summary judgment with respect to the plaintiff's ownership of the claims and the related standing to assert them.
The arguments defendant made in Commerzbank AG v U.S. Bank Natl. Assn. (457 F Supp 3d 233 [SD NY 2020]) do not judicially estop it from arguing that New York is not the center of gravity here on the issue of ownership. There the defendant admitted that the relevant transactions transferring the certificates occurred at a clearing house (DTC) that was a New York entity (457 F Supp 3d at 242-243). The court in Commerzbank also concluded that Ohio choice of law rules applied (id.). This case involves New York choice of law and different facts. Here, there is no conclusive evidence as to where the transactions occurred.
Supreme Court should not have found that EODs occurred in the five trusts as a matter of law. The federal court in Commerzbank did not make a finding that EODs occurred[*3]. Rather the court declined to grant summary judgment to the trustee that the EODs did not occur. There are issues of material fact with respect to at least some of the EOD elements, including whether the evidence shows that any servicer failure remained uncured after the contractually specified cure period.
Supreme Court should not have dismissed the affirmative defense of champerty. The timing and circumstances of HBKMF's certificate purchases, as well as the nominal sums it paid, are sufficiently suggestive of a primarily champertous purpose. Internal emails suggest that HBKMF purposefully targeted these written-down certificate and purchased many certificates either just days before plaintiff first filed suit in 2018 or after plaintiff had filed this suit. The testimony by the HBKMF witnesses as to their purported investment purpose in obtaining the certificates does not resolve the issues of fact so as to entitle plaintiff to dismissal of defendant's affirmative defense (see Hess 938 St. Nicholas Judgment LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp., 206 AD3d 514, 515 [1st Dept 2022]; 71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d 583, 585 [1st Dept 2014]).
Finally, while Supreme Court properly dismissed as untimely the liquidated loan pre-EOD repurchase claims, the claims regarding the pre-EOD document defect repurchase should be reinstated. Defendant does not establish, as a matter of law, what constitutes a "reasonable time" for the trustee to perform its document defect repurchase duties, as required to sustain the cause of action (see IKB Intl., S.A. v Wells Fargo Bank, N.A., 208 AD3d 423, 429 [1st Dept 2022]). Thus, defendant has not conclusively established that plaintiff untimely filed these claims.
The Decision and Order of this Court entered herein on March 30, 2023 is hereby recalled and Vacated (see M-01958 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
 
ENTERED: June 22, 2023

Footnotes

Footnote 1: The six certificates are as follows: GSAMP 2006-HE3 M5, GSAMP 2006-HE3 M6, GSAMP 2006-HE6 M8, HEAT 2006-3 M6 ($4,000,000), HEAT 2006-3 M8, and SASC 2005-WF4 B2.
Footnote 2: Those five certificates are as follows: GSAMP 2005-AHL2 M4, HEAT 2006-3 M6 ($2,500,000), MABS 2006-FRE1 M3, SAIL 2005-8 M3, and SAIL 2005-HE3 M4.