Mahn v Mullman (2025 NY Slip Op 00724)

Mahn v Mullman

2025 NY Slip Op 00724

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 952263/23 Appeal No. 3646 Case No. 2024-03039 

[*1]Sharon Mahn, Plaintiff-Appellant,
v
Lawrence N. Mullman, et al., Defendants-Respondents.

Brazzano Law PLLC, New York (Rebecca A. Brazzano of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York (Daniel S. Goldstein of counsel), for respondents.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about April 17, 2024, which, insofar as appealed from as limited by the briefs, granted in part defendants' motion to compel arbitration and dismiss the complaint or, in the alternative, to stay the complaint pending arbitration, to the extent of compelling arbitration of plaintiff's claims and staying the action pending the outcome of the arbitration, unanimously affirmed, without costs.
In the underlying complaint, plaintiff alleges various causes of action against defendants, all of them torts, including an alleged sexual assault that occurred while she was employed by defendant Major, Lindsey & Africa between 2005 and 2009. Plaintiff and Major, Lindsey & Africa signed an agreement in 2005 that, among other things, required disputes between the parties to be submitted to arbitration with limited carve outs not applied here. By its plain terms, the arbitration agreement covers plaintiff's claims.
The court correctly concluded that the arbitration clause in this case is not invalidated by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA), as the causes of action in the complaint all accrued prior to the effective date of the EFAA (9 USC §§ 401, 402, as added by Pub L 117-90, 136 US Stat 26; see O'Sullivan v Jacaranda Club, LLC, 224 AD3d 629, 629-630 [1st Dept 2024]). The enactment of the New York State Adult Survivors Act (see CPLR 214-j) does not change this analysis. While the Adult Survivors Act revived a certain class of otherwise potentially time-barred causes of action, it did not change the fact that the causes of action accrued prior to the enactment of the EFAA (see Global Fin. Corp., 93 NY2d 525, 529 [1999]; see e.g. S.H. v Diocese of Brooklyn, 205 AD3d 180, 191 [2d Dept 2022]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025